GISKAN SOLOTAROFF & ANDERSON LLP
90 Broad Street, 2nd Floor
New York, New York 10004
(646) 964-9609
Jason L. Solotaroff
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X

MOAMEN KHALIFA,

                    Plaintiff,                      **COMPLAINT**

        -against-                      Dkt. No. 1:24-cv-9559

HILTON WILLOUGHBY III, HYATT CORPORATION,
MAGNA HOSPITALITY GROUP LLC, GLAM NYC
SERVICES CORP., and VASYL SLIPENCHUK,

                    Defendants.

---------------------------------------------------------------------------X

      Plaintiff Moamen Khalifa, by his attorneys Giskan Solotaroff & Anderson LLP, for his complaint against Defendants Hilton Willoughby III, Hyatt Corporation, Magna Hospitality Group, Glam NYC Services Corporation, and Vasyl Slipenchuk alleges as follows:

### PRELIMINARY STATEMENT

1.      This is an action, brought under the Court's diversity jurisdiction, for sexual harassment in violation of the New York City Human Rights Law ("NYCHRL") and the New York State Human Rights Law ("NYSHRL").

2.      Mr. Khalifa worked as a bartender for Defendants at The Placery, which is the hotel bar at the Hyatt Place New York/Chelsea, from July 12, 2024 until August 3, 2024. During

this time period, Mr. Khalifa was supervised by Hilton Willoughby III, who was the food and beverage manager for the Hyatt Place New York/Chelsea. Willoughby subjected Mr. Khalifa to severe sexual harassment, including repeated sexually explicit and unwelcome comments and requests, social media messages, and physical harassment.

## THE PARTIES

3.    Plaintiff Khalifa is domiciled in Bergenfield, New Jersey.

4.    Defendant Hilton Willoughby is domiciled in Brooklyn, New York and is the Food and Beverage Director at the Hyatt Place New York/Chelsea.

5.    Defendant Hyatt Corporation ("Hyatt") is a corporation organized under the laws of Delaware with its principal place of business in Chicago, Illinois and operates the Hyatt Place New York/Chelsea in conjunction with Defendant Magna Hospitality Group.

6.    Defendant Magna Hospitality Group, L.C. ("Magna") is a limited liability corporation, organized under the laws of Florida, with its principal place of business in Rhode Island. Magna owns the Hyatt Place New York/Chelsea and operates the hotel in conjunction with Defendant Hyatt. On information and belief, the members of Magna Hospitality Group L.C. are domiciled in Rhode Island.

7.    Defendant Glam NYC Services Corporation ("Glam NYC") is a corporation organized under the laws of New York with its principal place of business at 1216 Broadway, New York, New York. This corporation paid Mr. Khalifa and is presumably his employer.

8.    Defendant Vasyl Slipenchuk is the owner of a business known as Hotel Housekeeping and informed Mr. Khalifa that Hotel Housekeeping was his employer.

## JURISDICTION AND VENUE

9.      Based on diversity of citizenship of the parties and the amount in controversy exceeding $75,000, this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332.

10.     Venue is properly before this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in this District.

11.     This Court has personal jurisdiction over Defendants because they operate businesses in New York State, conduct business in New York State, and employed Plaintiff within New York State.

## FACTS

12.     Mr. Khalifa and Defendant Willoughby met at a bar in New York City where Mr. Khalifa worked as a bartender for approximately eight years. Defendant Willoughby was a regular customer at the bar for approximately two years.

13.     For approximately one year before Plaintiff's employment at The Placery, Mr. Khalifa and Defendant Willoughby followed each other on Instagram.

14.     During this time, Willoughby would regularly respond to Plaintiff's Instagram posts with suggestive emojis such as: 😍 (smiley face with heart eyes).

15.     When Willoughby was at the bar where Mr. Khalifa worked, he would make sexually suggestive comments to Mr. Khalifa. To avoid being rude to a regular customer, Mr. Khalifa would ignore Willoughby's comments.

16.     On Defendant Willoughby's Instagram account, he advertised a bartender position at The Placery, a bar at the Hyatt Place New York/Chelsea. Mr. Khalifa, who was looking for new employment, responded to the advertisement and then set up an interview with Defendant

Willoughby, who told Mr. Khalifa that he was Food and Beverage Manager at the Hyatt Place and that he would be one of Mr. Khalifa's supervisors.

17.     After Mr. Khalifa interviewed with Yana, who identified herself as The Placery's manager, Defendant Willoughby asked him to meet in person for another interview. During that interview, Willoughby commented to Mr. Khalifa: "We have to keep it professional." This was a relief to Mr. Khalifa, a straight, married man, who had no interest in any type of personal relationship with Willoughby.

18.     Immediately after the interview, Defendant Willoughby told Mr. Khalifa he was hired.

19.     Mr. Khalifa began working at The Placery on July 12, 2024.

20.     Defendant Willoughby supervised Mr. Khalifa by instructing and monitoring him in the following areas: maintaining inventory/liquor supply, cleaning behind the bar, and managing the cash register and credit card receipts.

21.     Based on Mr. Khalifa being given no information to the contrary, he assumed he was an employee of the Hyatt Place New York/Chelsea.

22.     Plaintiff received no training or information about any employer policy concerning sexual harassment or how to report it.

23.     Despite his promise "to keep it professional," Defendant Willoughby immediately began sexually harassing Mr. Khalifa.  Defendant Willoughby repeatedly suggested that Mr. Khalifa go out for dinner and sleep with him. Defendant Willoughby regularly propositioned Mr. Khalifa to participate in sexual acts including making statements such as: "Let me suck your dick," and "Let me eat your ass" and asking Mr. Khalifa questions about his genitals such as: "Is your dick as big as a cucumber?" Defendant Willoughby also touched his own body while

4

speaking to Mr. Khalifa, spoke in a breathy, sexualized voice to Mr. Khalifa, and regularly made a point of bending over to look at Mr. Khalifa's backside.

24.     Mr. Khalifa told Defendant Willoughby that he was not interested in a sexual or romantic relationship and that he was not attracted to men. Willoughby responded in sum and substance, "But I am gay."

25.     On August 3, 2024, Plaintiff resigned his position as a bartender at The Placery due to Willoughby's unwanted and relentless sexual advances.

26.     Mr. Khalifa suspects Willoughby has sexually harassed other employees. When Mr. Khalifa told his co-worker, a bartender named Kevin, about Willoughby's behavior, Kevin did not give a response. Similarly, when Mr. Khalifa told Yana, the bar's manager, that he resigned due to Willoughby's harassment, she did not appear surprised.

27.     On August 6, 2024, Mr. Khalifa received a text from Rafael Perez, who identified himself as Human Resources Director for "HHI."  Perez asked to speak to Mr. Khalifa "to get more information" about his resignation.

28.     After Mr. Khalifa explained the details of the sexual harassment, Perez texted him to set up a meeting so that Mr. Khalifa could provide a statement about his "experience at Hyatt Place." Perez added that "the company's president" would also attend the meeting.

29.     The meeting took place two days later, on August 8, 2024. In the meeting, Defendant Slipenchuk, who identified himself as the company's president, was visibly nervous and immediately offered Mr. Khalifa another—"better"—position at the company.

30.     It was at this meeting that Mr. Khalifa first learned that he was not an employee of the Hyatt Place New York/Chelsea itself but of a company that Perez and Slipenchuk identified as Hotel Housekeeping. Thereafter, Mr. Khalifa reviewed his paychecks carefully. The

paychecks indicated that the paying entity was "Glam NYC Services Corp."

31.    Plaintiff has suffered significant emotional distress as a result of the acts described herein.

## FIRST CAUSE OF ACTION
### (Sexual Harassment in Violation of NYCHRL Against All Defendants)

32.    Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

33.    Defendants discriminated against, and harassed Plaintiff in the terms and conditions of his employment based on his sex in violation of the NYCHRL.

## SECOND CAUSE OF ACTION
### (Sexual Harassment in Violation of NYSHRL Against All Defendants)

34.    Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

35.    Defendants discriminated against, and harassed Plaintiff in the terms and conditions of his employment based on his sex in violation of the NYSHRL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment:

1.    Awarding Plaintiff compensatory damages, including but not limited to damages for emotional distress;

2.    Awarding Plaintiff punitive damages;

3.    Awarding reasonable attorneys' fees, costs, and expenses, and

Granting such other legal and equitable relief to the Plaintiff as the Court may deem just and equitable.

Dated:          New York, New York
                December 13, 2024

                                      GISKAN, SOLOTAROFF & ANDERSON LLP

                                       <u>/s/ Jason L. Solotaroff</u>
By:    Jason L. Solotaroff
        90 Broad Street, 2nd Floor
        New York, New York 10004
        (646) 964-9609
        jsolotaroff@gslawny.com
        *ATTORNEY FOR PLAINTIFF*