UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
MOAMEN KHALIFA,                                                         :
                                                                        :
                              Plaintiff,                                :
                                                                        :
              -v-                                                       :   24-CV-9559 (JMF)
                                                                        :
HILTON WILLOUGHBY III et al.,                                           :   MEMORANDUM OPINION
                                                                        :   AND ORDER
                              Defendants.                               :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    In this case, Plaintiff alleges subject-matter jurisdiction on the basis of diversity of citizenship. ECF No. 1 ("Compl."), ¶ 9. Diversity jurisdiction, however, extends only to cases in which there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332. The allegations of diversity jurisdiction in the Complaint fall short in at least two respects.

    First, the Complaint neglects to allege the citizenship of one of the parties — Defendant Vasyl Slipenchuk. *See* Compl. ¶ 8. It is well-established that a complaint that fails to adequately allege a party's citizenship does not properly invoke a federal court's diversity jurisdiction. *See, e.g., Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996).

    Second, the Complaint contains only the bare conclusory allegation that "the amount in controversy exceeding $75,000." Compl. ¶ 9. Although Plaintiff makes a generalized request for "compensatory damages," "punitive damages," and "reasonable attorneys' fees, costs, and expenses," *see id.* at 6, the Complaint is silent as to the value of Plaintiff's claim. Such allegations do not suffice for diversity jurisdiction. *See, e.g., Sanders v. New York Times*, No. 23-CV-2105 (LTS), 2023 WL 3724818, at *4 (S.D.N.Y. May 30, 2023) ("[W]here a complaint

does not contain facts plausibly suggesting that the amount in controversy meets the jurisdictional minimum, the Court is not required to presume that the bare allegations in the complaint are a good faith representation of the actual amount in controversy."); *Maguire Auto., LLC*, 508 F. App'x 65, 65 (2d Cir. 2013) (summary order) (affirming dismissal for lack of subject matter jurisdiction where the "allegation in [the plaintiff's] complaint of $75,000 in controversy is conclusory and not entitled to a presumption of truth"); *see also Kimm v. KCC Trading, Inc.*, 449 Fed. App'x. 85, 85-86 (2d Cir. 2012) (summary order) (affirming dismissal for lack of subject matter jurisdiction where plaintiff only "alleged generally that th[e] . . . amount in controversy exceed[ed] $75,000").

In light of the foregoing, it is hereby ORDERED that, on or before **January 6, 2025**, Plaintiff shall amend his Complaint to remedy these deficiencies. If, by that date, Plaintiff is unable to amend the Complaint to establish this Court's subject-matter jurisdiction, then the Complaint will be dismissed without prejudice and without further notice to any party.

SO ORDERED.

Dated: December 19, 2024
New York, New York

_____
JESSE M. FURMAN
United States District Judge