

ALEX@SAKIN-LAW.COM
SAKIN-LAW.COM
917.509.7573

5 WEST 37TH STREET
SUITE 601
NEW YORK, NY
10018-6222

Per the Court's Individual Rules, any opposition must be filed within three business days.

April 11, 2025

SO ORDERED.

*[signature]*

April 11, 2025

**BY ECF**
Hon. Jesse M. Furman
U.S. District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *Khalifa v. Willoughby* et al., 24-CV-9559 (JMF)

Dear Judge Furman:

    I represent Defendants Glam NYC Service Corporation ("Glam NYC") and Hotel Houskeeping Inc., n/h/a Hotel Housekeeping Inc. ("HHI") (collectively, "Defendants"), and write pursuant to Fed. R. Civ. P. 26(c) and the Court's Individual Rule 3(D), to respectfully request a stay of discovery pending the resolution of Defendants' meritorious Motion to Dismiss (the "Motion") Plaintiff's Third Amended Complaint ("TAC").  I have conferred with my adversary regarding this proposed stay, and was not able to reach a resolution, necessitating this application.

    Having amended his complaint three times, Plaintiff is simply unable to link Glam NYC or HHI to the misconduct alleged in this action.  Thus, Defendants should not have to subject themselves to wide-ranging discovery pending the resolution of their meritorious Motion.

    A Court "has considerable discretion to stay discovery" upon a showing of good cause.  *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020).  In determining whether to grant a stay of discovery pending a motion to dismiss, courts "must look to the particular circumstances and posture of each case," and consider factors including the strength of a dispositive motion, the breadth of discovery, and prejudice to the parties.  A "stay of discovery should be granted where [a] motion to dismiss is potentially dispositive, and appears to be not unfounded in the law." *Constrafor, Inc. v. FDIC*, 2024 U.S. Dist. LEXIS 200915, at *4 (S.D.N.Y. Oct. 29, 2024) (internal citations omitted).

    Here, Defendants have set forth strong arguments in the Motion that Plaintiffs' claims under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") are meritless as to Glam NYC and HHI.  The TAC alleges that Plaintiff worked as a hotel bartender – employed jointly by Defendant NY 24th Street Manager VI LLC ("NY 24"), Glam NYC, and HHI -- for some three weeks, but was forced to quit in the face of sexual harassment directed

by his supervisor, Defendant Hilton Willoughby III.  From the TAC's allegations, it follows that the only entity that could possibly face any liability in this action is Defendant NY 24, because NY 24 – and no other entity -- employed Willoughby, the alleged harasser.  Doc. No. 53 at ¶5.  In fact, it is Willoughby who is alleged to have interviewed and hired Plaintiff, and who is alleged to have supervised him at work.  *Id*. at ¶¶17-19.  It is not surprising, therefore, that the only Defendants who have filed Answers are Defendants Willoughby and NY 24.

The TAC contains no credible allegation that any employee or agent of any other entity, including Glam NYC or HHI, was even aware of Willoughby's alleged conduct toward Plaintiff.  Nor is there any allegation that Glam NYC, HHI, or any other entity, took any action against Plaintiff, who is alleged to have resigned in the face of Willoughby's harassment.  It bears noting that Glam NYC is alleged to be nothing other than the entity which processed Plaintiff's paychecks (*Id*. at ¶29), and that the TAC identifies no employees of Glam NYC (other than, allegedly, Plaintiff).

The TAC nowhere alleges that Glam NYC or HHI was involved in "encouraging, condoning, or approving" of Willoughby's conduct, thereby rendering the NYSHRL claim defective.  *Erasmus v. Deutsche Bank Ams. Holding Corp.*, 2015 U.S. Dist. LEXIS 160351, at *21 (S.D.N.Y. Nov. 30, 2015) (Engelmayer, J.) (NYSHRL precludes imputation of employee's discriminatory behavior to an employer "unless the employer became a party to it by encouraging, condoning, or approving it.").

Further, liability under NYCHRL cannot be established, as the TAC nowhere pleads that any Glam NYC or HHI employee exercised managerial or supervisory responsibility over Willoughby, or knew about his harassment, or otherwise should have known of his conduct yet failed to exercise reasonable diligence to prevent it.  N.Y. City Admin. Code § 8-107(13)(b)(2).  To the extent that any HHI employee is alleged to have been involved with Plaintiffs' employment, the TAC alleges that HHI principal Vasyl Slipenchuk offered Plaintiff a new job once he learned of the circumstances of Plaintiff's resignation – that is, *after* Plaintiff had already quit.  Doc. No. 53 at ¶28.  But no HHI employee is alleged to have been even aware of Willoughby's conduct.

In sum, Plaintiff fails – for the third time -- to put forth "well-pleaded facts" against Glam NYC or HHI that would "permit the court to infer more than the mere possibility of misconduct," necessitating the dismissal of the TAC with prejudice as to Glam NYC and HHI.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Because the TAC will likely be dismissed pursuant to Fed. R. Civ. 12(b)(6), discovery should be stayed pending the resolution of Defendants' Motion.  *See Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 U.S. Dist. LEXIS 78476, at *3 (S.D.N.Y. Sept. 1, 2009) (granting stay where dispositive motion put forth "multiple, independent arguments for dismissal").

Further, there is little risk of undue delay or prejudice to Plaintiff if the stay is granted at this early juncture in the case.  Plaintiff filed the TAC on April 3, 2025, and Defendants have already filed a dispositive motion.  Deferring discovery as to Glam NYC and HHI until the Motion is resolved will not cause significant delay.  *See New York by James v. Pennsylvania Higher Educ. Assistance Agency*, 2020 U.S. Dist. LEXIS 22671, at *5 (S.D.N.Y. Feb. 7, 2020) (granting stay where "only four months [had] passed" since complaint's filing); *Negrete v. Citibank, N.A.*, 2015 U.S. Dist. LEXIS 163773 at *5 (S.D.N.Y. Dec. 7, 2015) (concluding prejudice from stay would be "minimal" where "hearing date for

the [dismissal] motion is less than two months away"); *Integrated Sys. & Power, Inc.*, 2009 U.S. Dist. LEXIS 78476, at *4 (stay imposed where motion-to-dismiss briefing would be completed in six weeks and stay would thus "delay the commencement of discovery for only a few months").

    Were the Court to stay discovery as to Glam NYC and HHI, and permit discovery to proceed as to the Defendants Willoughby and NY 24 (who have submitted Answers), discovery will be narrower than it would be otherwise. Thus, an interim discovery stay would streamline discovery, avoid needless expense of the parties' resources, and result in a more efficient, quicker, resolution of the action.

    We are available at the Court's convenience.

                                      Respectfully,

                                      /s/ Alexander Sakin

                                      Alexander Sakin